IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| HLG FARMS II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-06075-CV-SJ-SWH |
| | ) | |
| CITY OF HAMBURG, IOWA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is Plaintiff's Motion to Enforce Settlement Agreement (doc #22). On June 3, 2014, the parties participated in a mediation before Jill A. Morris, Director of the Court's Mediation and Assessment Program. (Id. at 1) A confidential settlement was negotiated and the parties reduced the terms of said agreement to writing in a Memorandum of Settlement Agreement which was signed by the parties. (Id.) The Memorandum provides in part that "[t]he parties will exchange mutual full and general releases." (Doc #22-1 at 1) The Memorandum further provides that "Counsel will prepare complete settlement documents with normal and usual terms." (Id. at 2) The final paragraph of the Memorandum provides:

> By signing this Memorandum of Settlement Agreement ("Agreement"), the parties acknowledge that prior to the execution of this Agreement, the mediation was terminated; that all parties read and understood the Agreement; that any questions any party might have were explained by their respective attorney if represented; that each party signed the Agreement voluntarily and was under no duress when signing; and that any party may seek enforcement of this Agreement. The parties understand that if the mediator assists in preparing any written document, that such participation shall not be construed as giving legal advice to any party and that the parties shall have the document independently reviewed by their own legal counsel before signing any document. Further, that any party to this Agreement may introduce this document into evidence without objection by any party notwithstanding the provisions of Missouri Supreme Court Rule 17, Section 435.014 RSMo, and/or any other applicable state or federal statute or regulation. The parties have been advised that by signing this Agreement they

> may adversely alter their legal rights in court, and, by signing this Agreement they are waiving any and all trials and appeals, except for judicial enforcement of this Agreement.

(Id.) On June 11, 2014, plaintiff's counsel received a draft release from defendant's counsel, which included certain provisions whereby plaintiff would indemnify defendant. (Doc #22 at 2) Plaintiff objects to the inclusion of any indemnity language in the release "as said provisions were not discussed during the mediation, bargained-for, or included in the Memorandum." (Id.)

Defendant responds:

> In accordance with the Settlement Memorandum, counsel for the City of Hamburg prepared a proposed Settlement Agreement and Release that included the <u>normal and usual terms</u> to bring about the exchange of a <u>mutual full and general release</u>. As part of that Settlement Agreement and Release, the City of Hamburg included language requiring HLG to indemnify and hold the City of Hamburg harmless for third-party claims and claims sought by third parties subrogated to the rights of HLG against the City of Hamburg.

(Defendant's Resistance to Plaintiff's Motion to Enforce Settlement Agreement (doc #23) at 2) (emphasis supplied) According to defendant, "the normal and usual terms of settlement documents require inclusion of such indemnification language in order to exchange a mutual full and general release." (Id. at 3) Further, "[w]ithout the inclusion of an indemnification provision a release would only be limited and not full and general as the Memorandum of Settlement requires." (Id.) Finally, defense counsel state that in their experience, indemnification language is included in all settlement releases unless it is specifically negotiated out of the release. (Id.) Since indemnification was not negotiated out during the mediation in this case, defendant asserts that the Court should require that the settlement documents contain indemnification language to effect a full and general release. (Id.)

Defendant provided the Court with no case authority for its position. Plaintiff, on the other hand, provided the Court with ample case law to support its position, including one case,

2

Frear v. P.T.A. Industries, Inc., 103 S.W.3d 99 (Ky. 2003), which seems directly on point. In Frear, as part of the parties' oral agreement to settle their pending lawsuit, the plaintiffs agreed to release the defendant. However, when a release and indemnity agreement was subsequently tendered for the plaintiffs' signatures, the plaintiffs refused to sign the document because, in addition to releasing the defendant from liability, it required the plaintiffs to indemnify the defendant against any future claims by third parties. The court found:

> Because an agreement to release a party from liability does not include an agreement to indemnify the released party unless the parties specifically agree to indemnification, we hold that [plaintiffs] did not breach the settlement agreement by refusing to sign the tendered document.

Id. at 101. The court explained that "release" and "indemnity" are related, but distinct, legal concepts. Id. at 107. "[A] 'release' extinguishes a claim or cause of action whereas an 'indemnity' arises from a promise by the indemnitor to safeguard or hold harmless a party against an existing or future loss, liability, or both." Id. The court held that "[i]n recognition of the distinct legal concepts, we hold that an agreement to sign 'a release' contemplates only a release from liability and not indemnification from third party claims." Id.

This Court agrees with the Frear court that an agreement to sign a release contemplates only a release from liability and not indemnification from third party claims.[1] In the case before this Court, as in Frear, "the settlement agreement itself, in clear, unambiguous language, required [plaintiffs] to sign a release; it did not require them to execute a release *and* an indemnification provision. And, an otherwise unambiguous contract does not become ambiguous when a party

---

[1] The Court notes that even though it finds that plaintiff was not obligated to provide defendant with an indemnification agreement, defendant may have a defense to liability for contribution or noncontractual indemnity to other joint tortfeasors pursuant to section 537.060 of the Missouri Revised Statutes.

3

asserts … that the terms of the agreement fail to state what it intended." 103 S.W.3d at 107 (emphasis in original).

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Enforce Settlement Agreement (doc #22) is granted.

                                               */s/ Sarah W. Hays*
                                                    SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE